United States District Court
CENTRAL DISTRICT OF ILLINOIS

Geraud Nichols
Plaintiff

vs.

Chris Matsko (Sargent)
Mendi Nurse (Warden)

Defendant(s)

Case No. _____
(The case number will be assigned by the clerk)

SCANNED AT PON CC
EMAILED 7.16.25 (date)
BY ECB (intials)
26 (# of pages)

(List the full name of ALL plaintiffs and defendants in the caption above. If you need more room, attach a separate caption page in the above format)

## COMPLAINT

Indicate below the federal legal basis for your complaint, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants). However, 42 U.S.C. § 1983 and "Bivens" do not cover all prisoners' claims. Many prisoners' legal claims arise from other federal laws. Your particular claim may be based on different or additional sources of federal law. You may adapt this form to your claim or draft your own complaint.

[☑] 42 U.S.C. §1983 (state, county or municipal defendants)

[ ] Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)(federal defendants)

[ ] Other federal law: _____

[ ] Unknown _____

## I. FEDERAL JURISDICTION

*Please refer to the instructions when filling out this complaint. Prisoners are not required to use this form or to answer all the questions on this form in order to file a complaint. This is not the form to file a habeas corpus petition.

Jurisdiction is based on 28 U.S.C. § 1331, a civil action arising under the United States Constitution or other federal law. *(You may assert a different jurisdictional basis, if appropriate).*

## II. PARTIES

A. Plaintiff:

Full Name: Gerard Nichols

Prison Identification Number: R.29084

Current address: P.O. box 99
Pontiac, Illinois. 61764

*For additional plaintiffs, provide the information in the same format as above on a separate page. If there is more than one plaintiff, each plaintiff must sign the Complaint, and each plaintiff is responsible for paying his or her own complete, separate filing fee.*

B. Defendants

Defendant #1:

Full Name: Chris Matsko

Current Job Title: Sargent

Current Work Address: P.O. box 99
Pontiac, Illinois. 61764

Defendant #2:

Full Name: Mendi Nurse

Current Job Title: Warden

Current Work Address: P.O. box 99
Pontiac, Illinois. 61764

Defendant #3:

Full Name: N/A

Current Job Title: N/A

2

Current Work Address ___N/A___

Defendant #4:

   Full Name: ___N/A___

   Current Job Title: ___N/A___

   Current Work Address ___N/A___

Defendant #5:

   Full Name: ___N/A___

   Current Job Title: ___N/A___

   Current Work Address ___N/A___

For additional defendants, provide the information in the same format as above on a separate page.

## III. LITIGATION HISTORY

The "three strikes rule" bars a prisoner from bringing a civil action or appeal *in forma pauperis* in federal court if that prisoner has "on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

A. Have you brought any other lawsuits in state or federal court dealing with the same facts involved in this case?   Yes ☐   No ☒

If yes, please describe _____

_____

B. Have you brought any other lawsuits in federal court while incarcerated?

Yes ☒   No ☐

C. If your answer to B is yes, how many? __1__  Describe the lawsuit(s) below.

3

1. Name of Case, Court and Docket Number ___Unknown___

2. Basic claim made ___Self harm___

3. Disposition (That is, how did the case end? Was the case dismissed? Was it appealed? Is it still pending?) ___Settlement___

For additional cases, provide the above information in the same format on a separate page.

### IV. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Prisoners must exhaust available administrative remedies before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). You are not required to allege or prove exhaustion of administrative remedies in the complaint. However, your case must be dismissed if the defendants show that you have not exhausted your administrative remedies, or if lack of exhaustion is clear from the complaint and its attachments. You may attach copies of materials relating to exhaustion, such as grievances, appeals, and official responses. These materials are not required to file a complaint, but they may assist the court in understanding your claim.

A. Is there a grievance procedure available at your institution? Yes ☒ No ☐

B. Have you filed a grievance concerning the facts relating to this complaint?

   Yes ☒ No ☐

If your answer is no, explain why not _____

C. Is the grievance process completed? Yes ☒ No ☐

### V. STATEMENT OF CLAIM

Place(s) of the occurrence _____

Date(s) of the occurrence ___July 10th, 2024___

State here briefly the FACTS that support your case. Describe what each defendant did to violate your federal rights. You do not need to give any legal arguments or cite cases or statutes. Number each claim in a separate paragraph. Unrelated claims should be raised in a separate civil action.

THE COURT URGES YOU TO USE ONLY THE SPACE PROVIDED. Federal Rule of Civil Procedure 8(a) requires only a "short and plain statement" of your claim showing that you are entitled to relief. It is best to include only the basic, relevant facts, including dates, places, and names.

On the date of 7·10·2024, I was told that I was going to the Health Care Unit and to line up in twos (coupled) to be cuffed to another inmate due to the prison being on "lock down". Before being sent to Health Care my Cellhouse Sargent (Chris Matsko) told me that he had to bring another group of inmates because he had inmates that couldn't be around eachother. Making it known that he had knowledge that there was at least two inmates that couldn't be around eachother. About an hour later this same Sargent (Chris Matsko) came back to the Health Care Unit with his second line of inmates. One of those inmate being Mr. Deandre Minkens. He then uncuffed Mr. Minkens and put him inside the same holding cell with myself and about five other inmates. At that point he walked away and I was punched and was forced to fight Mr. Minkens three times with-in two hours or so.
 Upon this Sargent coming back to Health Care to transport us back to Protective Custody he noticed blood on my shirt on my lift side. he asked me was I okay. He then put me back in

5

my cell in South Protective Custody. While walking me back to my cell he told me that he knows he messed up. He never offered to give me any type of medical attention nor did he ever write any reports.

    I was sent to segregation on 7/12/24 and was given 7 days segregation, 7 day commissary restriction. I was given these punishments for a fight that I was forced to have due to the sargent (Chris Matsko) messing up and putting me in that situation.

    I then wrote to the warden (Mendi Nurse) in an Emergency Grievance about the issue and was told that the situation was not an "Emergency". She then sign off on my "Adjustment Committee Final Summary Report". Basically saying that she agreed with me recieving a punishment for the fight even taking place. As well as, failing to ensure that myself and other inmates in Protective Custody are safe at all times. She also failed to implement a system where inmates with active "KSF" status have no contact with eachother.

    In General Population the jobs of the Administration is to house me. But, as a Protective Custody inmate, who was placed in P.C. for my own protection after being stabbed in Menard Corrections, the jobs of the administration and its staff should be to ensure the protection of myself and other inmates in my situation.

By Sargent Chris Matsee knowing of the active KSF between me and Mr. Minkens, but still putting me and him in the situation to fight eachother, he is; Deliberately Indifferent, he Violated Due Process, and he Failed to protect.

By Warden Mendi Nurse knowing of the issue before and after the fact and never doing anything to either prevent nor rectify the situation, she is; Deliberately Indifferent, she Violated Due process, and she failed to protect.

**RELIEF REQUESTED**

(State what relief you want from the court.)

I want to collect damages from both defendants

7

in their official capacity. $100,000⁰⁰ Deliberate Indifferent, $50,000⁰⁰ - Due Process violation, $125,000⁰⁰ Failure to Protect, $1,000⁰⁰ - For every day I spent in segregation due to this situation.

JURY DEMAND    Yes [✓]   No [ ]

Signed this _____ day of _____, 20___.

_____
(Signature of Plaintiff)

| Name of Plaintiff: | Inmate Identification Number: |
| --- | --- |
| Geraud Nichols | R 69084 |
| Address: P.O. box 99, Pontiac, Ill. 61764 | Telephone Number: N/A |