E-FILED
Monday, 06 July, 2026  03:34:32 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**PEORIA DIVISION**

| | | |
|---|---|---|
| GERAUD NICHOLS, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **Case No. 25-1290** |
| | ) | |
| CHRIS MATSKO *et al.*, | ) | |
| Defendants. | ) | |

**ORDER**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff Geraud Nichols, an inmate at Pontiac Correctional Center ("Pontiac"). Plaintiff has also filed Motions for Summary Judgment (Doc. 6), Status (Doc. 7), and Default Judgment (Doc. 8).

**I.    Complaint**

**A. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing a complaint, the court accepts the factual allegations as true and construes them liberally in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be

provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

### B. Facts Alleged

The events Plaintiff describes occurred at Pontiac and are alleged against former Warden Mindi Nurse and Corrections Sergeant Chris Matsko.

On July 10, 2024, Plaintiff, a protective custody inmate, was placed in a Health Care Unit holding cell with other inmates. Defendant Matsko told Plaintiff that he had to escort other inmates separately because they were not supposed to be in the presence of certain inmates. About an hour later, Matsko arrived with the other inmates, who were also placed in the holding cell Plaintiff occupied. After Matsko walked away, Plaintiff was coerced into fighting a specific inmate three times within two hours. Plaintiff states that Matsko admitted fault after Plaintiff explained why he had blood on his shirt. (Doc. 1 at 5-6.)

On July 12, 2024, Plaintiff was sent to segregation for seven days for fighting, during which his commissary privileges were also restricted. Plaintiff wrote an emergency grievance, which Defendant Nurse determined should be submitted under the normal grievance procedures. Plaintiff notes that Nurse also concurred with the Adjustment Committee's determination to impose the noted restrictions.

### C. Analysis

"Prison officials owe inmates, both those who have been convicted and those being detained while awaiting trial, a duty to protect them from violence inflicted by other inmates." *Guzman v. Sheahan*, 495 F.3d 852, 856-57 (7th Cir. 2007). To succeed on a failure-

to-protect claim, a detainee must show "that (1) [an attacker] presented an objectively serious risk of harm, and (2) a defendant was deliberately indifferent to that risk, meaning that he or she subjectively knew about the risk, and did not take reasonable measures to abate it." *Giles v. Tobeck*, 895 F.3d 510, 513 (7th Cir. 2018). The Court concludes that Plaintiff's account is sufficient to infer Defendant Matsko's knowledge of a serious risk of harm to Plaintiff that he did not prevent.

However, the Court concludes that Plaintiff fails to state a claim against Defendant Nurse for her participation in the grievance process after the alleged conduct occurred. *See Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017) ("Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance."). Plaintiff also does not state a due process violation against Nurse for concurring with the Adjustment Committee's recommendation absent additional facts, which Plaintiff does not allege. *See Terry v. Stolworthy*, 669 F. App'x 803, 805 (7th Cir. 2016) ("'Due process' in transferring an inmate to a detention that deprives the inmate of liberty consists of, at most, 'informal, nonadversary procedures' in a 'reasonable time' with 'some notice' of the prison's rationale for the transfer, an 'opportunity [for the inmate] to present his views' in writing, and periodic reviews afterwards.") (quoting *Westefer v. Neal*, 682 F.3d 679, 684–86 (7th Cir. 2012)); *see also Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005) (concluding that an inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel.").

## II.      Remaining Motions

Plaintiff's Motions for Summary and Default Judgment (Docs. 6, 8) are denied as premature. Plaintiff's Motion for Status (Doc. 7) is moot with the entry of the Court's Order.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motions for Summary and Default Judgment (Docs. 6, 8) are DENIED.**

2) **Plaintiff's Motion for Status (Doc. 7) is MOOT..**

3) **According to the Court's merit review of Plaintiff's complaint (Doc. 1) under 28 U.S.C. § 1915A, Plaintiff has alleged enough facts to proceed with an Eighth Amendment failure to protect claim against Defendant Matsko in his individual capacity only. Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or under Federal Rule of Civil Procedure 15.**

4) **The Court directs the Clerk of the Court ("Clerk") to terminate Mindi Nurse as a party.**

5) **This case is now in the process of service. The Court advises Plaintiff to wait until counsel has appeared for Defendant before filing any motions to give Defendant notice and an opportunity to respond to those motions. Motions filed before Defendant's counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at this time unless otherwise directed by the Court.**

6) **The Court will attempt service on Defendant by mailing Defendant a waiver of service. Defendant has sixty days from service to file an Answer. If Defendant has not filed Answers or appeared through counsel within ninety days of the entry of this order, Plaintiff may file a motion requesting the status of service. After Defendant has been served, the Court will enter an order setting discovery and dispositive motion deadlines.**

7) **Concerning a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall submit to the Clerk said Defendant's current work address, or, if not known, said Defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the Clerk and shall not be maintained in the public docket nor disclosed**

**by the Clerk.**

8) **Defendant shall file an Answer within sixty days of the date the Clerk sends the waiver. A motion to dismiss is not an answer. The Answer should include all defenses appropriate under the Federal Rules. The Answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth Defendant's positions. The Court does not rule on the merits of those positions unless and until Defendant files a motion. Therefore, no response to the Answer is necessary or will be considered.**

9) **This District uses electronic filing, which means that after Defendant's counsel has filed an appearance, Defendant's counsel will automatically receive electronic notice of any motion or other paper filed by Plaintiff with the Clerk. Plaintiff does not need to mail to Defendant's counsel copies of motions and other documents that Plaintiff has filed with the Clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are not filed with the Clerk of the Court. Plaintiff must mail his discovery requests and responses directly to Defendant's counsel. Discovery requests or responses sent to the Clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until Defendant's counsel has filed an appearance, and the Court has entered a scheduling order, which will explain the discovery process in more detail.**

10) **The Court grants Defendant's counsel leave to depose Plaintiff at his place of confinement. Defendant's counsel shall arrange the time for the deposition.**

11) **Plaintiff shall immediately notify the Court, in writing, of any change in his mailing address and telephone number. Plaintiff's failure to inform the Court of a change in mailing address or phone number will result in dismissal of this lawsuit, with prejudice.**

12) **If Defendant fails to sign and return a waiver of service to the Clerk within thirty days after the waiver is sent, the Court will take appropriate steps to effect formal service through the U.S. Marshals Service on that Defendant and will require that Defendant to pay the full costs of formal service under Federal Rule of Civil Procedure 4(d)(2).**

13) **The Court directs the Clerk to enter the standard qualified protective order under the Health Insurance Portability and Accountability Act.**

14) **The Court directs the Clerk to attempt service on Defendant under the standard procedures.**

ENTERED July 6, 2026.

s/ *Colleen R. Lawless*

_____

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE